IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARK DAVID WEAVER                                                        PLAINTIFF

        v.                        Civil No. 09-5053

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
SGT. CARLTON; DEPUTY ROLAND;
DEPUTY RANKIN; DEPUTY WRIGHT;
DEPUTY WALES; RAINWATER,
HOLT & SEXTON; and JERRY
McNABB, Attorney-at-Law                                                  DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        Mark David Weaver filed this civil rights action pursuant to the provisions of 42 U.S.C. §

1983.  He proceeds *pro se* and *in forma pauperis*.  The case is before the court for a determination

of whether service of process should issue.

**Background**

        The plaintiff, Mark Weaver, is currently incarcerated in the Benton County Detention

Center.  He has another civil action pending in this court, *Weaver v. Carlton, et al.,* Civil No. 08-

5167.  According to the allegations of the complaint, several of the deputies, named as defendants

in this case, have tried to get him to talk about case 08-5167.  When he refused to answer their

questions and told them it was against the law for them to question him about the case, he maintains

they continued to question him.

        Weaver then wrote grievances to Captain Hunter Petray about the conduct of the deputies.

After he received no response to his grievances, Weaver indicates he wrote court staff and Jeremy

-1-

McNabb of Rainwater, Holt & Sexton, P.A., defendants' counsel in case 08-5167, and received no response from McNabb.

Weaver indicates he was again approached by one of McNabb's clients.  When he refused to talk to the defendants in civil case 08-5167, Weaver maintains one of the deputies went through all of his legal documents having to do with the case and commented that he found several answers. After Weaver protested that the documents were legal documents from the U.S. Court, the deputy replied "so what" and continued looking.  After the deputies left his cell, Weaver states they were talking about what they found.

**Discussion**

Weaver's claims against Jeremy McNabb and the law firm of Rainwater, Holt & Sexton, P.A. are subject to dismissal.   "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999, 1002-1003 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

**Conclusion**

Accordingly, I recommend that Weaver's  claims against Jeremy McNabb and the law firm of Rainwater, Holt & Sexton, P.A. be dismissed as they are frivolous.  *See* 28 U.S.C. §

-2-

1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).  By separate

order the complaint will be served on the remaining defendants.

**Weaver has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Weaver is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of  April 2009.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)